# TABLE OF CONTENTS

I.      Introduction………………………………………………………………1

II.     Statement of the Facts and Procedural History……………………………..2

III.    Argument……………………………………………………………....…4

        a.  Standard for Summary Judgment………………………………………..4

        b.  Interpretation of the FDCPA………………………………………… 5

        c.  Plaintiff Has Standing to Assert a Claim Under § 1692c(b)
            the FDPCA…………………………………………………………6

        d.  A Reasonable Jury Could Find that Defendant Violated § 1692c(b)……8

        e.  A Reasonable Jury Could Find that Defendant Violated § 1692d….…….10

        f.  A Reasonable Jury Could Find that Defendant Violated § 1692e…….… 11

        g.  A Reasonable Jury Could Find that Defendant Violated § 1692f….….. 12

IV.     Conclusion…………………………………………………………… 13

## <u>TABLE OF AUTHORITIES</u>

<u>Cases:</u>

<u>Adams v. Law Offices of Stuckert & Yates</u>,
    926 F. Supp. 521, 528 (E.D. Pa. 1996) .................................................................. 12

<u>Anderson v. Liberty Lobby Inc.</u>
    477 U.S. 242, 248 (1986) ......................................................................................... 4

<u>Bank v. Pentagroup Fin., LLC</u>
    2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. 2009) ..................................................... 6

<u>Big Apple BMW, Inc. v. BMW of North America, Inc.</u>
    974 F. 2d 1358, 1362-63 (3d Cir. 1992) ............................................................. 4-5

<u>Charlton v. Paramus Bd. of Educ.</u>
    25 F.3d 194, 197 (3d Cir. 1994) ............................................................................... 4

<u>Clark v. Capital Credit & Collection Services, Inc.</u>,
    460 F. 3d 1162 (9th Cir. 2006) ................................................................................ 5

<u>Clomon v. Jackson</u>,
    988 F. 2d 1314 (2d Cir. 1993) ................................................................................. 6

<u>Coastal States Gas Corp. v. Department of Energy</u>,
    644 F.2d 969, 979 (3d Cir. 1981).  ......................................................................... 8

<u>Cordes v. Frederick J. Hanna & Associates, P.C.</u>.
    789 F. Supp. 2d 1173 (D. Minn. 2011) ............................................................... 8-9

<u>Dutton v. Wolhar</u>
    809 F.Supp. 1130, 1141 (D.Del.1992) .................................................................. 11

<u>Edwards v. McCormick</u>
    136 F. Supp. 2d 795 (S.D. Ohio 2001) ................................................................. 12

<u>Eichman v. Mann Bracken, LLC</u>
    689 F.Supp.2d 1094 (W.D.Wis. 2010).................................................................. 12

<u>Frey v. Gangwish.</u>,
    970 F.2d 1516, 1521 (6th Cir. 1992.  ) .................................................................. 6

<u>Gearing v. Check Brokerage Corp.</u>
    233 F.3d 469 (7th Cir 2000).................................................................................... 6

Graziano v. Harrison
    950 F. 2d 107 (3d Cir. 1991)................................................................. 6

Masuda v. Thomas Richards & Co.
    759 F. Supp. 1456, 1461 n. 10 (C.D. Cal. 1991) ................................... 13

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp
    475 U.S. 574, 587 (1986.  )................................................................. 4

McMillan v. Collection Professionals Inc.
    455 F. 3d 754 (7th Cir. 2006)............................................................... 12

In re Japanese Electronic Products Antitrust Litigation,
    723 F.2d 238, 258 (3d Cir)................................................................. 8

Jerman v. Carlisle, McNelli, Rini, Kramer & Ulrich LPA
    130 S. Ct. 1605 (2010). ..................................................................... 5

Jeter v. Credit Bureau, Inc.
    760 F.2d 1168 (11th Cir. 1985).......................................................... 6

Johnson v. Riddle,
    305 F. 3d 1107 (10th Cir. 2002)........................................................... 5

Ortega v. Collectors Training Inst. Of Ill., Inc.,
    2011 U.S. Dist. LEXIS 6282, 29 (S.D. Fl. 2011) ................................. 9

Russell v. Equifax A.R.S.,
    74 F. 3d 30 (2d Cir. 1996).................................................................. 6

Rutyna v. Collection Accounts Terminal, Inc.,
    478 F. Supp. 980, 981 (N.D. Ill. 1979) ................................................ 10

Segal v. Nat'l Action Fin. Servc.
    2006 U.S. Dist. LEXIS 9532 (M.D. Fla. 2006) ...........................................3,9-10

Sluys v. Hand,
    831 F. Supp. 321, 326 (S.D.N.Y. 1993)................................................ 9

Sprinkle v. SB&C Ltd.,
    472 F. Supp. 2d 1235 (W.D. Wash. 2006)............................................ 5

Swanson v. Southern Oregon Credit Service, Inc.
    869 F.2d 1222 (9th Cir. 1988)............................................................. 6

Taylor v. Perrin, Landry, deLaunay & Durand,
    103 F.3d 1232 (5th Cir. 1997).............................................................. 5

Thomas v. Consumer Adjustment Co., Inc.
        579 F. Supp. 2d 1290, 1298-99 (E.D. Mo. 2008) ................................................7-8

Transportation Insurance Co. v. Bordo, Inc., et al.
        2009 U.S. Dist. LEXIS 27266.................................................................................. 4

Velazquez v. NCO Fin. Systems, Inc.
        No. 2:11-cv-00263 (E.D.Pa. May 2011)............................................................. 11

Watts v. Collecto, Inc. d/b/a EOS CCA
        Case No. 11-cv-00617-SWH (W.D. Mo. 2011) ..................................................... 3

Williams v. Javitch, Block & Rathbone, LLP,
        480 F. Supp. 2d 1016, 1021 (S.D. Ohio 2007) ................................................ 5,11

Wright v. Finance Service of Norwalk, Inc.
        22 F.3d 647, 650 (6th Cir. 1994)........................................................................... 6

Zortman v. J.C. Christensen & Assocs.,
        2011 WL 1630935 (D.Minn. 2011)) ..................................................................... 7

**Federal Law:**

15 U.S.C §1601 *et seq*. (Truth in Lending Act).............................................................5-6

15 U.S.C. § 1692 *et seq*. (Fair Debt Collection Practices Act) ...................................... 1-14

15 U.S.C. § 1692 (a)(3).................................................................................................... 7

15 U.S.C. § 1692c(b) ................................................................................................... 6-10

15 U.S.C. § 1692d ...................................................................................................... 10-11

15 U.S.C. § 1692e ...................................................................................................... 11-12

15 U.S.C. § 1692f....................................................................................................... 12-13

**Federal Rules of Civil Procedure:**

Fed.R.Civ.P. 56(c),.........................................................................................................4-5

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARY CHRISTY, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) **CASE NO:  2:11-cv-05045-ER** |
| EOS CCA, | ) |
| | ) |
| Defendant | ) |
| | ) |
| _____ | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Gary Christy ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., files

his opposition to the Motion for Summary Judgment filed by Defendant, EOS CCA ("Defendant").  In

support of his opposition, Plaintiff avers as follows:


I.      **INTRODUCTION**


In its Motion for Summary Judgment, Defendant attempts to shift focus from its affirmative

decision to direct a dunning letter to a third party address bearing the name of the debtor, where it

was indeed received and opened, to the actions of the third party that opened the letter as part of her

routine business practice.  The collection letter was addressed to Plaintiff but addressed to the third party

address, a law firm.  In its Answer, and in the deposition of its Corporate representative, Defendant has

provided conflicting statements as to how that address was chosen and placed on the envelope.

However, there is no question that Defendant's actions were careless, inexcusable and caused

embarrassment to Plaintiff.   Plaintiff is a consumer with standing to assert a claim under § 1692c(b),

and it was Defendant's careless act that led to the third party disclosure to the employer of Plaintiff's

wife.  Accordingly, Defendant's conduct was in clear violation of the FDCPA, and Defendant's Motion for Summary Judgment must be denied.


## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff is a resident of Willow Grove, Pennsylvania, who works as a horticulturalist manager at a local country club.  See Exhibit A, Deposition of Plaintiff Gary Christy, p. 8.  Plaintiff resides with his wife, Tracey Christy, and his son, Gary Christy, Jr.  See Id., pp. 10-11.  Defendant is a debt collection company, which purchases discharged debts, and attempts to collect delinquent accounts on behalf of other debt buyers and creditors.  See Exhibit B, Deposition of John F. Burns, Jr., pp. 15-16.  Defendant estimates that on an annual basis, it does collection activity for approximately seven million accounts, which are collectively worth approximately $6.8 billion.  See Id., p. 26.

On or around June 14, 2011, Defendant sent a letter addressed to "Gary Christy" to 30 E. Butler Ave., Ambler, PA 19002.  See Exhibit C, Defendant's June 14, 2011 letter.  The Ambler address belongs to the law firm of Kimmel & Silverman, at which Plaintiff's wife, Tracey Christy, is employed as a paralegal.  See Exhibit A, pp. 16-18.  On or around June 21, 2011, Kimmel & Silverman received Defendant's letter, and its mail clerk Sandy Lorandeau inadvertently opened the envelope.  See Exhibit D, Deposition of Sandy Lorandeau, pp. 31-32.  When Ms. Lorandeau noticed that the letter was for Tracey Christy's husband, she then gave the letter to Mrs. Christy. See Id.  Despite the fact that the debt was owed by Plaintiff's son, since it was addressed to "Gary Christy", rather than "Gary Christy, Jr.", Plaintiff believed that the letter was for him.  See Ex. A, p. 15-16.  Plaintiff found the fact that a debt collector sent a collection letter addressed to him to his wife's place of employment to be a "very embarrassing situation," especially given the fact that he has never owed a debt to AT&T.  See Id., p 24.

Because Defendant addressed the letter to Plaintiff, at his wife's place of employment and thereby disclosed Plaintiff's apparent obligation to a third party, on August 5, 2011, Plaintiff filed suit

against Defendant.  <u>See</u> Docket Entry 1.  Specifically, Plaintiff alleged that Defendant violated Sections 1692c(b), 1692d, 1692e and 1692f of the FDCPA.  <u>See</u> <u>Id</u>.  On October 10, 2011, Defendant filed its Answer and Affirmative Defenses, denying all wrongdoing.  <u>See</u> Docket Entry 3.  In its Answer, Defendant alleged that the address of "30 E. Butler Ave., Ambler, PA" was provided to Defendant by AT&T Mobility.  <u>See</u> <u>Id</u>., ¶ 19.  However, during his deposition, Defendant's corporate representative acknowledged that this address was not provided by AT&T Mobility, but as a result of a "skip trace" search done by Defendant, through the database LexisNexis.  <u>See</u> Exhibit C, pp. 37-39, 61.[1]  Had Defendant done a thorough investigation before sending out this highly personal and potentially embarrassing letter, it would have seen that this address was inaccurate.  For example, a Westlaw search for "Gary R. Christy" in Pennsylvania several addresses and P.O. boxes in Montgomery County Pennsylvania used by Plaintiff since 2000, but does not include the Ambler address used by Defendant. <u>See</u> Exhibit E, the results of a Westlaw search for Gary R. Christy in Pennsylvania.

On March 19, 2012, Defendant filed its present Motion for Summary Judgment, and its Memorandum of Law in support thereof.  <u>See</u> Docket Entries 13-14.  In its Memorandum, Defendant argues that because Plaintiff was not the true debtor, he lacks standing to assert a violation of § 1692c(b).  <u>See</u> Docket Entry 14, pp. 6-9.  Defendant further maintains that even if Plaintiff did have standing to assert a violation of § 1692c(b), that the third party disclosure was a result of the wrongful opening of the letter by Ms. Lorandeau, and therefore that Plaintiff has no viable claim under §§ 1692c(b), 1692d, 1692e or 1692f.  <u>See</u> <u>Id</u>., pp. 9-16.  In support of its position, Defendant relies on a two out-of-circuit cases, in which debt collectors wrongfully sent correspondence to third party residential addresses: <u>Segal v. Nat'l Action Fin. Servc.</u>, 2006 U.S. Dist. LEXIS 9532 (M.D. Fla. 2006) and <u>Watts v. Collecto, Inc. d/b/a EOS CCA</u>, Case No. 11-cv-00617-SWH (W.D. Mo. 2011).  <u>See</u> <u>Id</u>., pp. 9-10, 14.

---

[1]  Whichever of the two explanations that the Court is to accept, the mistake is nonetheless inexcusable, as Defendant has dealt with Plaintiff's counsel on numerous occasions in the past several years.  Therefore, Defendant should certainly be aware that 30 E. Butler Ave., Ambler, PA 19002 is not the address of a consumer, but of a law firm.  Furthermore, at no point does Defendant allege that it sent the letter underlying this lawsuit to this address for the purpose of communicating with Plaintiff's counsel.

As these opinions are non-binding and involve letters sent to third parties at residential, rather than business addresses, the opinions cited by Defendant are not applicable to the present matter. Conversely, there is considerable case law, which holds that a debt collector's careless disclosure of a debt to a third party is in violation of the FDCPA.

Because Defendant addressed the collection letter to Plaintiff, rather than his son, and Plaintiff and Sandy Lorandeau both thought the letter was addressed to Plaintiff, Plaintiff has standing to assert a claim under § 1692c(b).    Furthermore, because Defendant's collection conduct caused Plaintiff significant embarrassment, Defendant's Motion for Summary Judgment must be denied.


### III.    ARGUMENT

#### a.    <u>Standard for Summary Judgment</u>

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will only be granted: if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  "A fact is 'material' if proof of its existence or non-existence might affect the outcome of the suit under applicable law."    See Transportation Insurance Co. v. Bordo, Inc., et al., 2009 U.S. Dist. LEXIS 27266, *13, citing Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).  "'Facts that could alter the outcome are material facts.'"  See Id. at *13, citing Charlton v. Paramus Bd. of Educ., 25 F.3d 194, 197 (3d Cir. 1994).  "'[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  See Id. at *13-14, citing Anderson, 477 U.S.242, at 248.

The Court must view the evidence in the light most favorable to the non-movant when ruling on a motion for summary judgment.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

574, 587 (1986).  The party opposing the motion for summary judgment is entitled to have their allegations taken as true, to receive the benefit of the doubt when their assertions conflict with those of the movant, and to have inferences from the underlying facts drawn in their favor.  See Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F. 2d 1358, 1362-63 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ("[W]here the non-moving party's evidence contradicts the movant's [evidence], then the non-movant's must be taken as true.")

### b.    Interpretation of the FDCPA

"The FDCPA's main purposes are to 'eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." See Jerman v. Carlisle, McNelli, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605 (2010).  Because Congress perceived the problem of abusive debt collection practices to be widespread, it deliberately made the FDCPA "an extraordinarily broad statute." See Frey v. Gangwish, 970 F.2d 1516, 1521 (6th Cir. 1992).  Therefore, the FDCPA "must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or de minimis violation." See Williams v. Javitch, Block & Rathbone, LLP, 480 F. Supp. 2d 1016, 1021 (S.D. Ohio 2007) citing Frey, 970 F.2d at 1521.

The FDCPA is a strict liability statute. See Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." See Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000)(holding unintentional misrepresentation of debt collector's legal status violated FDCPA); and Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  See Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006); see also Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006) (the remedial nature of the FDCPA requires that courts interpret it liberally); and Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002 )("Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer.").

The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); and Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. See Clomon, supra., at 1318.  The consumer protective purposes of the FDCPA require an analogous standard to the least sophisticated consumer be applied to harassment claims, therefore the courts should interpret such claims from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse.  Jeter, 760 F.2d at 1179.

### c.  Plaintiff Has Standing to Assert a Claim Under § 1692c(b) of the FDCPA

In its Memorandum in Support of its Motion for Summary Judgment, Defendant argues because Plaintiff is not the debtor, and the true debtor is not a minor, Plaintiff is not a "consumer" as defined by the FDCPA.  See Docket Entry 14, pp. 6-9.  To support this position, Defendant relies on selective cases, Wright v. Finance Serv., 22 F.3d 647 (6th Cir. 1994) and Bank v. Pentagroup Fin., LLC, 2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. 2009), which hold that only consumers have standing under § 1692c(b).  Because Defendant addressed the debt collection letter to Plaintiff and not his son (the true

debtor), Plaintiff is a "consumer" as defined by § 1692a(3).  Even if Plaintiff were not a "consumer,"

because he is a person who was negatively affected by a third party disclosure of a debt, based on

relevant rulings and the legislative intent of the statute, Plaintiff has standing to sue under § 1692c(b).

15 U.S.C. § 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated

to pay any debt." 15 U.S.C. § 1692c provides:

> Without the prior consent of the consumer given direct to the debt collector or the express
> permission of a court of competent jurisdiction, debt collector may not communicate with
> a consumer in connection with the collection of any debt-

> (b) Communication with third parties
> Except as provided in section 1692 of this title, without the prior consent of the consumer
> given direct to the debt collector, or the express permission of a court of competent
> jurisdiction, or a reasonably necessary to effectuate a post-judgment judicial remedy, a
> debt collector may not communicate, in connection with the collection of any debt, with
> any person other than the consumer, his attorney, a consumer reporting agency if
> otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of
> the debt collector.

While Plaintiff did not incur this debt, he reasonably believed that Defendant was seeking to

collect from him, rather than his son, because the letter was addressed to Gary Christy, and not to Gary

Christy, Jr.  See Ex. A, p. 15-16.  Because Defendant addressed the letter to Plaintiff, it alleged Plaintiff

to owe a debt, and therefore Plaintiff is a "consumer".  Furthermore, even if Defendant was not seeking

to collect from Plaintiff, § 1692c(b) exists to prevent embarrassing disclosures of consumer debts to

third parties.  See Zortman v. J.C. Christensen & Assocs., 2011 WL 1630935 (D.Minn. 2011).

Accordingly, the fact that Plaintiff was not actually the debtor is immaterial, as both he, and Ms.

Lorandeau reasonably believed that he was the intended recipient of the debt collection letter.  Seeing

that Defendant collects on millions of accounts annually, it undoubtedly should know the importance of

using the correct prefixes, suffixes and middle initials (or lack thereof) when contacting consumers.

Defendant's mistake in addressing its correspondence does not negate the fact that Defendant disclosed

that *Plaintiff* owed a debt to a third party.

Even if Plaintiff were not a "consumer", Plaintiff still has standing to assert a claim under § 1692c(b). See Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290, 1298-99 (E.D. Mo. 2008). In Thomas, the relevant co-plaintiff was not a "debtor" or a "consumer", yet the court found that given the broad consumer-oriented legislative purpose of the FDCPA, a debt collector's embarrassing and wrongful statements to a third party, gave a non-consumer party standing to sue under § 1692c(b):

> The cases cited by Defendant rely on the fact that § 1692c does not contain a reference, like § 1692d, to "any person," and that its focus is on communications with the consumer. But the focus of §§ 1692c(b) and 1692b is not *solely* on communications with the consumer; it also regulates the content of the communication with third-parties and proscribes certain conduct, such as communicating with the third-party more than once. Moreover, the broad language of § 1692k(a) ("Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person ...") strongly suggests that a third-party such as [the non-consumer plaintiff] has standing to sue under § 1692c(b). See Conboy, 84 F.Supp.2d at 505 n. 9 (noting, the "protection of the FDCPA is not limited to the statutory definition of 'consumer' under Section 1692a(3), but is broad enough to encompass 'any person' as that term is used in Section 1692k"); Whatley, 525 F.Supp. at 1204 & n. 4 (same). Thomas, 579 F. Supp. 2d 1290, 1298-99 (E.D. Mo. 2008).

Despite the fact that Plaintiff was not the debtor for the AT&T account, because Defendant's collection letter was addressed to Plaintiff, rather than his son, as well as the fact that Plaintiff and Ms. Lorandeau believed Plaintiff to be the intended recipient, Plaintiff is a "consumer" with standing under § 1692c(b). Even if Plaintiff were not a "consumer" as defined by § 1692a(3), he is a person affected by a third party disclosure of a debt, therefore given standing to bring a claim under § 1692c(b). Accordingly, Defendant's Motion for Summary Judgment for Plaintiff's claim under § 1692c(b) must be denied.

### d.    A Reasonable Jury Could Find that Defendant Violated § 1692c(b).

There exists very clear rulings, which show that Defendant has violated Plaintiff's rights under § 1692c(b) by sending a collection letter to his wife's place of employment. Even if unintentional, a debt collector's disclosure of a consumer's debt to a third party is in violation of § 1692c(b). See Cordes v.

Frederick J. Hanna & Associates, P.C., 789 F. Supp. 2d 1173 (D. Minn. 2011).  In Cordes, the debt

collector left several voice messages on the plaintiff's home voicemail, which were overheard by others.

The Cordes court rejected the defendant's argument that the defendant should be absolved of liability

because the messages were intended for the consumer only:

> Hanna raises no other argument to avoid liability, and because there is no dispute that
> [third parties] heard at least some of the messages Hanna left for Cordes, the Court
> determines that she is entitled to judgment in her favor as to Hanna's liability under
> Section 1692c(b).  Cordes, at 1177.

In the Southern District of New York, the court rejected a similar argument to a defendant's

bona fide error defense to a collection letter sent to a consumer's employer.  "Sending debt collection

letters to an alleged debtor's employer and other third parties [] violates 15 U.S.C. § 1692c(b)."  Sluys v.

Hand, 831 F. Supp. 321, 326 (S.D.N.Y. 1993).     The court rejected this argument, based on the

embarrassment that arises from a debt collector's careless mailing of collection letters to third parties:

> Apart from the longstanding recognition that such conduct is abusive in the debt
> collection context, ordinary experience clearly indicates the problematic nature of such
> behavior. Sending a copy to B, A's employer, of a hostile letter to A is an inherently
> provocative act which ordinary experience would suggest should not be done. Such event
> would hence be relatively unlikely to occur by accident unless a devil-may-care
> atmosphere prevailed.  Sluys, at 326 (S.D.N.Y. 1993).

In support of its position that Defendant could not have violated § 1692c(b), Defendant relies on

Segal v. Nat'l Action Fin. Servs., 2006 U.S. Lexis 9532 (M.D. Fla. 2006).  In Segal, the collection letter

was opened by the Plaintiff's step-son at his residence.  The court held that the "act of sending one letter

addressed to a consumer but sent to the wrong address does not appear to indicate a violation by

Defendant of § 1692c(b)."  Id., at 13.  If interpreted broadly, the Segal opinion would allow debt

collectors who expose consumer's highly personal and sensitive financial information to numerous third

parties, to be shielded from liability, simply because the third party was not intended to be a recipient.  A

liberal reading of Segal would turn the blind eye to a debt collector's lack of investigation, as well as the

resulting embarrassment for the consumer, and instead focuses on the wrongdoing of the third party disclosee. As <u>Segal</u> is not binding on this Court, this unjust holding should not be adopted.

Even if the Court were inclined to accept the holding in <u>Segal</u>, the essential facts are distinct, and render the holding in <u>Segal</u> immaterial. There is a heightened risk of a third party disclosure when a debt collector sends a letter to a business, rather than to a residence. Residential addresses generally contain a fixed number of individuals, who are known to the individual(s) who receive and open the mail. Contrarily, businesses often contain dozens, hundreds or even thousands of employees working at the same address, and a high volume of mail, which makes the inadvertent opening of letters more likely, if not inevitable. Furthermore, even if the party who accidentally opens the mail intended for another consumer, were to absolve the debt collector of liability, Sandy Lorandeau still had good reason to open the letter, as the letter was addressed to an employee's spouse, with whom Plaintiff shares a last name.

As a reasonable jury could find that Defendant violated Plaintiff's rights under § 1692c(b), Defendant's Motion for Summary Judgment must be denied.

**e.    <u>A Reasonable Jury Could Find that Defendant Violated § 1692d.</u>**

Section 1692d prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection to the collection of a debt. application of its general prohibition against "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt". Congress intended this generality to "enable the courts, where appropriate, to proscribe other improper conduct, which is not specifically addressed." <u>See</u> <u>Rutyna v. Collection Accounts Terminal, Inc</u>., 478 F. Supp. 980, 981 (N.D. Ill. 1979), *citing* 1977 U.S. Code Cong. & Admin. News at 1698.

10

Defendant argues Plaintiff fails to set forth a factual basis for her claim that Defendant violated 15 U.S.C. §1692d.  <u>See</u> Docket Entry 14, pp. 9-14.  However, in his deposition, Plaintiff clearly stated that Defendant's conduct was harassing because it resulted in the embarrassing situation of a co-worker of his wife opening a debt collection letter addressed to him.  <u>See</u> Exhibit A, p. 46.  The natural consequence of Defendant's collection efforts were the harassment and embarrassment of Plaintiff.  Accordingly, Defendant's Motion for Summary Judgment must be denied.

### f.    <u>A Reasonable Jury Could Find that Defendant Violated § 1692e.</u>

Section 1692e of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as Congress realized it would be impossible to foresee every type of deceptive collection misbehavior.  <u>See Williams v. Javitch, Block & Rathbone, LLP</u>, 480 F.Supp.2d 1016 (S.D. Ohio 2007).  Courts have held that collection letters can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate. <u>See Dutton v. Wolhar</u>, 809 F.Supp. 1130, 1141 (D.Del.1992) ("least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of collection notice).

Sending a single debt collection letter to a party that does not owe a debt can be a violation of § 1692e of the FDCPA.  <u>See Velazquez v. NCO Fin. Systems, Inc.</u>, No. 2:11-cv-00263 (E.D.Pa. May 2011).  In <u>Velazquez</u>, the plaintiff alleged that the defendant sent a single collection letter for an AT&T debt, which the plaintiff did not owe, and the defendant knew that it could not prove the debt's validity. The Honorable Robert F. Kelly of this District denied the defendant's motion to dismiss, finding that the defendant's wrongful collection letter could be a violation of § 1692d, § 1692e, § 1692e(10) and § 1692f.

In the present matter, Defendant sent a collection letter to "Gary Christy" for a debt that belonged to Gary Christy, Jr.  While this error may seem minor on its face, it resulted in a debt collection letter being disclosed to the co-worker of Plaintiff's wife, despite the fact that Plaintiff does not owe this debt.  The omission of "Jr." from the addressee's name led both Plaintiff and Sandy Lorandeau to believe that the letter was directed to Plaintiff, and led Plaintiff to believe that Plaintiff was being charged for a debt.  As Defendant could potentially send millions of such letters in a year containing highly personal and potentially embarrassing information, the importance of addressing such letters correctly cannot be overstated.  The name of the addressee in Defendant's June 14, 2011 letter, and the implication that "Gary Christy" owed an AT&T debt were clearly misleading and false, therefore in violation of § 1692e.


### g.      A Reasonable Jury Could Find that Defendant Violated § 1692f.

Section 1692f of the FDCPA provides in part: "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The FDCPA defines neither the term "unconscionable," nor "unfair." The FDCPA does, however, broadly enumerate several practices considered contrary to its stated purpose, forbidding such action both generally and in a specific list of disapproved practices. Particular to "unfair or unconscionable means" the FDCPA lists eight specific violations "without limiting the general application" of the statute. As § 1692f of the FDCPA explicitly states, the listing of the eight specific violations was not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior. See McMillan v. Collection Professionals Inc., 455 F. 3d 754 (7th Cir. 2006). Furthermore, section 1692f "serves a backstop function, catching those "unfair practices" which somehow manage to slip by §§1692d & 1692e." See Edwards v. McCormick, 136 F. Supp. 2d 795 (S.D. Ohio 2001). Indeed, section 1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically." See Adams v. Law Offices of Stuckert & Yates,

12

926 F. Supp. 521, 528 (E.D. Pa. 1996), citing Masuda v. Thomas Richards & Co., 759 F. Supp. 1456, 1461 n. 10 (C.D. Cal. 1991).

Defendant's action of sending Plaintiff a debt collection letter to a place of business at which Plaintiff's wife is employed, was certainly unfair and unconscionable.  Defendant's argument that it was Ms. Lorandeau's intervening act that led to the disclosure is a red herring for several reasons.  First of all, Defendant is a party to the suit, whose actions are being challenged, whereas Ms. Lorandeau's are not.  Additionally, a mail clerk inadvertently opening a letter at a place of business should be expected, and Defendant should have procedures in place to avoid disclosures.  But for the lack of diligence and investigation regarding the debtor's name and his address, a third party would not have seen a collection letter in Plaintiff's name, for a debt that Plaintiff does not owe.   Given the highly personal and potentially embarrassing nature of collection letters, coupled with the tremendous volume of such letters sent out every year, it is imperative that debt collectors exercise care and due diligence regarding the debtor's name and contact information.  As a reasonable jury could certainly find Defendant's conduct to be unfair and unconscionable under § 1692f, Defendant's Motion for Summary Judgment must be denied.


IV.     CONCLUSION

Because Defendant addressed its June 14, 2011 correspondence to "Gary Christy", rather than Gary Christy Jr., and this resulted in both Plaintiff and a third party believing that Plaintiff was the intended recipient, Plaintiff is a "consumer" with standing under § 1692c(b).  Even if Plaintiff is not a "consumer" as defined by the FDCPA, because he was materially affected by Defendant's collection efforts, he has standing to bring a claim under this provision.  Additionally, if not Defendant's failure to exercise due diligence when sending letters with highly personal and potentially embarrassing information, a third party at the work place of Plaintiff's wife would not have opened a collection letter

addressed to Plaintiff.  Defendant's conduct not only resulted in a third party disclosure of an alleged debt, but was harassing and misleading.  Finally, as Defendant collects on millions of accounts per year, its inexcusable failure to exercise due diligence when sending collection letters, and the resulting embarrassment to Plaintiff, is clearly unfair.  As any reasonable jury could find that Defendant violated the FDCPA, Defendant's Motion for Summary Judgment must be denied.

                                        Respectfully Submitted,

                                        Kimmel & Silverman, P.C.

Dated: April 6, 2012                    By: /s/ Amy L. Bennecoff
                                        Amy L. Bennecoff
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Avenue
                                        Ambler, PA 19002
                                        215-540-8888

                                        Attorney for Plaintiff